**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

        <u>   ROBERT ABEL   </u>  v.  <u>  STATE OF ALASKA  </u>

THE HONORABLE JAMES K. SINGLETON, JR.

DEPUTY CLERK                         CASE NO. <u> A02-0080 CV (JKS) </u>

<u> Dan Maus </u>

PROCEEDINGS: **MINUTE ORDER FROM CHAMBERS**    DATE: February 2, 2006

     On April 4, 2002, Robert Abel filed a successive petition for writ of habeas corpus under 28 U.S.C. § 2254, which was dismissed on April 19, 2002, without prejudice to re-filing after receiving permission from the Court of Appeals for the Ninth Circuit.[1]

     Mr. Abel appealed that decision, which appeal was dismissed for failure to prosecute, on September 30, 2002.[2] Mr. Abel has been warned that the Court may "disregard and return any further documents submitted by Abel in this case."[3]

     Therefore, Mr. Abel's motion to re-open, stating that the "State of Alaska must respond to [his] 12 exhausted issues,"[4] will be DENIED.[5]

     Mr. Abel's only remedy is in a motion to the Court of Appeals for the Ninth Circuit for permission to file a successive

---

   [1] *See* Docket Nos. 1, 4.

   [2] *See* Docket Nos. 9-13.

   [3] Docket No. 8.

   [4] Docket No. 14.

   [5] *See* FED. R. CIV. P. 60(b) (relief from final judgment or order may be granted for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepre-sentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or ... reversed or otherwise vacated ... ; or (6) any other reason justifying relief from the operation of judgment"). Mr. Abel fits none of these criteria, nor has he filed his motion to reopen within the 1-year time period after judgment as required for reasons (1), (2) and (3).

[A02-0080.002.wpd]{IA.WPD*Rev.12/96}

petition.[6]  In any such motion, Mr. Abel must show:

> (A)... that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.[7]

Any appeal of this order will not be construed as a motion for permission to file a successive petition, but should be separate from that motion.

Other than the filing of an appeal, any further papers submitted by Mr. Abel in this case may be disregarded by the Court.

IT IS SO ORDERED.

---

[6] *See* 28 U.S.C. § 2244(b)(3):
(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

[7] 28 U.S.C. § 2244(b)(2).

[A02-0080.002.wpd]{IA.WPD*Rev.12/96}