IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT N. ABEL,<br><br>                   Plaintiff,<br>   vs.<br>STATE OF ALASKA,<br><br>                   Defendant. | Case No. 3:02-CV-00080-JKS<br><br>O R D E R |

      Robert Abel was convicted in State court of homicide and his conviction was affirmed on appeal. Abel thereafter sought post-conviction relief in State court and, after exhausting his State remedies, applied for a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. After considering the record and Abel's contentions, this Court denied relief and Abel appealed to the Ninth Circuit. Abel then brought a successive habeas petition in this Court. Under the law, authorization from the Ninth Circuit is a prerequisite to a consideration of a successive petition in this court. 28 U.S.C. § 2244(b)(1) and (3)(A). Abel had not obtained authorization from the Ninth Circuit and, therefore, this Court dismissed his successive petition without prejudice to its renewal if Abel sought and obtained permission from the Ninth Circuit to bring the petition. Docket Nos. 4; 5. Eventually, this decision was appealed, and the appeal was ultimately dismissed for failure to prosecute. Docket Nos. 9-13.

      On December 13, 2005, Abel moved to reopen the case. Docket No. 14. The motion was denied, and Abel appealed the Order. Docket Nos. 15; 16. The Ninth Circuit has entered a limited remand asking this Court to consider whether to grant a certificate of appealability. *See e.g.*, 28 U.S.C. § 2253 (c)(1)(A).

1

Abel has not made a substantial showing that requiring him to first seek permission from the Ninth Circuit before bringing a successive petition for 28 U.S.C. § 2254 relief, as required by 28 U.S.C. § 2244(b)(3), denies him a constitutional right, *i.e.*, reasonable jurists could not differ on the question whether Congress could constitutionally condition a state prisoner's right to bring successive habeas petitions on prior approval from the applicable Circuit Court of Appeal. *See Felker v. Turpin*, 518 U.S. 651 (1996). Thus, this Court cannot allow a certificate of appealability on that issue. See 28 U.S.C. § 2253(c)(2).

On the other hand, it does not appear that a certificate of appealability is a prerequisite to Abel's asking the Ninth Circuit to grant him leave to bring a successive petition. 28 U.S.C. § 2244(b)(3)

**IT IS SO ORDERED.**

Dated at Anchorage, Alaska, this 10th day of March 2006.

/s/ James K. Singleton, Jr.

**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2002\A02-0080.003.wpd